IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Tommy Sevilla and Melodie Sevilla, on behalf of themselves and their minor children L.S. and G.S.,[1] | ) ) ) ) ) | C/A No.: 3:25-3528-CMC-SVH |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| Dr. Akil Ross, Sr.; Kimberly Scully; Megan Satterfield; Kevin Snipes; Nikki Herring; Dr. Kaaren Hampton; Mansa Joseph; Amanda Neal; Teon Petree, Sr.; Aaron Brand; Paul Calvert; Jeanna Locklair; Jinni Friend; Tamara Turner; Reggie Wicker; Steven Puckett; Jordan Ingram; Gary Stephens; Dr. Brooks Railey; Deputy Albert Lyons; Deputy Christian Forero; Deputy Ross Wise; Deputy John Doe; Neshuanda Walters; Amanda Taylor; Susan Noller; and District 5 Legal Counsel, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | REPORT AND RECOMMENDATION |
| Defendants. | ) ) | |

Tommy and Melodie Sevilla ("Plaintiffs") have brought this action on

their own behalf and purportedly on behalf of their minor children.[2]   This

_____

[1] This matter has been sealed for protection of the minor children, as none of the filings is in compliance with Fed. R. Civ. P. 5.2.
[2] Federal courts uniformly do not allow pro se litigants to represent others,

matter is before the court on Plaintiffs' motion for a temporary restraining order ("TRO") and preliminary injunction (hereinafter "TRO motion"). [ECF No. 2]. At the time the motion was filed on April 28, 2025, Plaintiffs had not filed a complaint or paid the filing fee. On April 30, 2025, Plaintiffs filed a document the Clerk of Court docketed as Amended Complaint.[3] Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such filings for relief and submit findings and recommendations to the district judge.

I.    Factual Background

Plaintiffs' Amended Complaint contains virtually no factual allegations, but instead contains lists of causes of actions and legal conclusions. [ECF No. 8]. Plaintiffs allege on June 3, 2024, L.S. was subjected to life-threatening football practice abuse. [ECF No. 6]. Plaintiffs also provide a bullet list that includes, but is not limited to the following: "Repeated 504 violations," "ongoing ADA violations," "Illegal retaliatory trespass order issued against Tommy Sevilla," "FOIA obstruction and suppression of evidence," and "Ongoing intimidation." *Id.* at 2.

---

even parents, guardians, or next friends seeking to appear pro se on behalf of a minor child or incompetent person. *See Myers v. Loudoun Cnty. Pub. Sch.*, 418 F.3d 395, 400 (4th Cir. 2005). The undersigned will address this issue, along with other deficiencies, through a separate order.

[3] The Clerk of Court liberally construed an affidavit as the original complaint. [ECF No. 1].

Plaintiffs attach 88 pages of additional documents with titles such as letter, grievance, legal memorandum, notice and demand for review. That attachment does not include the over-400 pages of documents and attachments previously filed in ECF Nos. 1 and 4 or the 170 pages of documents included with the TRO motion. Plaintiffs seek injunctive relief (1) enjoining the minor children's schools' superintendent, principal, athletic director, coaches and deputies "from any contact or supervision" over the minor children; (2) ordering the school to provide a state-certified athletic trainer and functional AED at every practice and game involving L.S.; and (3) imposing a litigation hold.[4]

II.    Discussion

A.    Standard of Review

A party seeking a preliminary injunction or TRO must establish the following four elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in her favor; and (4) an injunction is in the public interest. *Winter v. Natural Resources Defense Counsel, Inc.*, 555 U.S. 7, 20 (2008); *The Real Truth About Obama, Inc. v. Federal Election Comm'n*, 575 F.3d 342, 346–47 (4th Cir. 2009), overruling *Blackwelder Furniture Co. of Statesville v. Seilig*

---

[4] Plaintiffs filed a subsequent motion for a TRO [ECF No. 8] that requests much of the same relief and additional relief such as referring of this matter to the FBI and U.S. Attorney's office for investigation. [ECF No. 8].

*Mfg. Co.*, 550 F.2d 189 (4th Cir. 1977).[5] The party must make clear showings

as to the first and second elements. *Winter*, 555 U.S. at 19–22; *Real Truth*, 575

F.3d at 345–47. The court may only consider whether the balance of equities

tips in favor of the party seeking injunctive relief after he has satisfied the first

two elements. *See Real Truth*, 575 F.3d at 346–47.[6] Finally, the court must be

particularly mindful of the public consequences of employing the extraordinary

relief of injunction. *Real Truth*, 575 F.3d at 347 (quoting *Winter*, 555 U.S. at

19–23).

B.     Analysis

Plaintiffs have not shown they are likely to succeed on the merits.

Although Plaintiffs have alleged defendants have violated L.S.'s "504 Plan"

and have violated the ADA, Plaintiffs fail to provide the court with a copy of

the plan that has been allegedly violated or provide factual allegations as to

other alleged violations of the ADA. Plaintiffs generally allege civil rights

---

[5] Although the original decision in *Real Truth* was vacated by the Supreme
Court for further consideration in light of the decision in *Citizens United v.
Federal Election Comm'n*, 558 U.S. 310 (2010), the Fourth Circuit reissued its
opinion on Parts I and II of its earlier opinion in the case. 575 F.3d at 345–47,
stating the facts and articulating the standard for the issuance of preliminary
injunctions, before remanding it to the district court for consideration in light
of *Citizens United*. *See Real Truth*, 607 F.3d 355 (4th Cir. 2010).
[6] The court in *Real Truth* relied on *Winter* in expressly rejecting and overruling
*Blackwelder's* sliding scale approach that formerly allowed a party to obtain
an injunction with a strong showing of a probability of success even if she
demonstrated only a possibility of irreparable harm. *Real Truth*, 575 F.3d at
347; *Winter*, 555 U.S. at 20–22.

violations, but they do not provide any facts linked to alleged violations. As such, Plaintiffs have not shown they are likely to succeed on the merits.

Further, Plaintiffs have not shown they are likely to suffer irreparable harm in the absence of a TRO. Plaintiffs allege an incident at a football practice on June 3, 2024, caused L.S. to be placed in medical danger. However, almost a year has passed since that date without another incident of medical danger identified in the body of the complaint,[7] so it is unclear why relief is now urgent.  It appears the most recent incident Plaintiffs complain of is a trespass order against Tommy Sevilla, but they fail to show how such an order will cause irreparable harm or that they are unable to dispute the order with the issuing authority.

Nor have Plaintiffs shown that the balance of equities tips in their favor or that a TRO or preliminary injunction is in the public interest. The undersigned cannot conclude that the public interest would be best served by the relief they requested, as they generally refer to the 167 pages of attachments to their motion instead of providing legal argument and authority.[8]

---

[7] The undersigned will address by separate order the requirements for a complaint and notice that the court is not required to review hundreds of pages of documents to determine whether Plaintiffs state a claim.
[8] Plaintiff Tommy Sevilla has also sent emails to the court with more documents and purported filings. As he was advised, the court only considers documents properly filed on the docket and attempts to communicate via email

Because Plaintiffs have not met the required showing under the *Winter* factors, it is recommended that their motion for a TRO [ECF No 2] be denied.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends Plaintiff's motion for a preliminary injunction and temporary restraining order [ECF No. 2][9] be denied. The undersigned will review this matter, and any deficiencies that need to be addressed before authorizing service, by further order in due course.

IT IS SO RECOMMENDED.

May 2, 2025                                          Shiva V. Hodges
Columbia, South Carolina                  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

in the future may result in sanctions.
[9] To the extent Plaintiffs request the same relief in ECF No. 8, the undersigned also recommends it be denied.

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).