IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Tommy Sevilla, *individually and as next friends of their minor children, L.S., G.S., and I.B.;* Melodie Sevilla, *individually and as next friends of their minor children, L.S., G.S., and I.B.*, | ) ) ) ) ) ) ) | Case No. 3:25-cv-03528-JDA-SVH |
| | ) | |
| Plaintiffs, | ) ) | **OPINION AND ORDER** |
| | ) | |
| v. | ) ) | |
| | ) | |
| Dr. Akil Ross, Sr.; Kaaren Hampton; Mansa Joseph; Amanda Neal; Teon Petree, Sr.; Aaron Brand; Paul Calvert; Jeanna Locklair; Jinni Friend; Tamara Turner; Reggie Wicker; Steven Puckett; Jordan Ingram; Gary Stephens; Brooks Railey; Deputy Christian Forero; Ross Wise; Neshuanda Walters; Amanda Taylor; Susan Noller; John Doe, *Law Enforcement Officer (Gilbert High)*; Kevin Scully; Matt Satterfield; Kimberly Snipes; David Herring; Jonathan Colon; Michael Harris; Lexington School District One; Coach Mitch Hudson; Unnamed Athletic Director; Jerome Singleton; Michael Montgomery; Michelle Swindler; Deputy Anthony; Mrs. Blackburn; SafeSport; NFHS; SCHSL. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

This matter is before the Court on a motion for leave to proceed in forma pauperis ("IFP") and for appointment of counsel filed by Plaintiffs. [Docs. 51; 62.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter is referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings.

On June 26, 2025, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that the motion be denied. [Doc. 64.] The Magistrate Judge advised Plaintiffs of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. [*Id*. at 7.] Plaintiffs filed objections on July 10, 2025 [Doc. 69], and an additional attachment on July 23, 2025 [Doc. 82].

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

## BACKGROUND

Plaintiffs filed this action on April 28, 2025, alleging that Defendants violated the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act by denying appropriate care when Plaintiffs' minor child, L.S., suffered a life-threatening diabetic ketoacidosis event during an unregulated Irmo High School football practice.

[Doc. 46 at 7.]  Plaintiffs further allege that in retaliation of their complaints and grievances regarding the incident, Defendants "orchestrated a coordinated campaign of retaliation, including fabricated disciplinary investigations, baseless no-trespass orders, exclusionary lockouts, and false witness coercion."  [*Id*.]

In their motion for leave to proceed IFP and for appointment of counsel, Plaintiffs assert that they "do not have material assets, meaningful savings, or sufficient income to fund this litigation."  [Doc. 51 at 1 (emphasis omitted).]  Plaintiffs note in their Form AO 239, Application to Proceed in District Court Without Prepaying Fees or Costs, that Tommy Sevilla's gross monthly pay is $4,000 and Melodie Sevilla's gross monthly pay is $1,000.  [Doc. 62 at 2.]  They also state that they currently have $100 in cash and approximately $335 in checking and savings accounts.  [*Id*.]  The value of their home is approximately $270,000, and their vehicles are worth $5,000 combined.  [*Id*. at 3.]

## DISCUSSION

In recommending that Plaintiffs' motion be denied, the Magistrate Judge reasoned that because Plaintiffs own an unencumbered home worth $270,000, they will not have to choose between abandoning a potentially meritorious claim or foregoing the necessities of life to pay the $405 filing fee, nor will payment of the fee render Plaintiffs destitute or impose an undue hardship.  [Doc. 64 at 5.]  The Magistrate Judge also asks the Court to remind Plaintiffs that their failure to retain counsel will result in dismissal of all claims brought on behalf of their minor children.  [*Id*.]  Plaintiffs have previously been advised that they may not proceed pro se on behalf of their minor children.  [*See* Docs. 28 at 5; 29 at 3.]

In their objections, Plaintiffs argue that the Magistrate Judge incorrectly focused on non-liquid assets like home equity rather than actual financial hardship in determining that Plaintiffs have the ability to pay the requisite filing fee.  [Doc. 69-2 at 6.]  Plaintiffs reiterate that their available liquid funds are less than $500 and that they have ongoing medical expenses that exceed $300 monthly.  [*Id*.]

As the Magistrate Judge explained, a district court has the discretion to grant or deny an application to proceed in forma pauperis.  *See Dillard v. Liberty Loan Corp.*, 626 F.2d 363, 364 (4th Cir. 1980).  The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who . . . would remain without legal remedy if such privilege were not afforded to them."  *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir.1972).  Although Plaintiffs have little in savings and claim to have substantial monthly expenses, the Court agrees with the Magistrate Judge that Plaintiffs' unencumbered home equity in the amount of $270,000, in addition to their combined monthly income of approximately $5,000, is enough evidence to satisfy the Court that Plaintiffs would not be rendered destitute by paying the filing fee of $405 in this case.  Nor is there any indication that requiring payment of the filing fee would impose an undue hardship or effectively block Plaintiffs' access to the courts.  *See, e.g.*, *Karahalios v. Horry Cnty. Council*, No. 4:17-393-RBH-TER, 2017 WL 1223697, at *1 (D.S.C. Feb. 17, 2017) (denying a motion for leave to appear IFP because it did not appear that the filing fee "would wring from [the plaintiff] his last dollar or essentially render him destitute"), *Report and Recommendation adopted by* Dkt. Entry 15 (D.S.C. Mar. 7, 2017).

Plaintiffs also appear to object to the Report's failure to address Plaintiffs' request to appoint counsel.  [*See* Doc. 69-2 at 6; *see also id*. at 8–9, 12.]  Plaintiffs argue that the

Court retains discretion to appoint counsel and to appoint a guardian ad litem and that the Magistrate Judge "did not adequately consider these alternatives."  [Doc. 69-2 at 6.]  As the Magistrate Judge concluded in her earlier Order denying Plaintiffs' motion to appoint counsel or a guardian ad litem [Doc. 19], no guardian ad litem is needed because Plaintiffs may act as guardians for their minor children in determining whether to bring suit on their children's behalf.  [Doc. 29 at 3 (citing Fed. R. Civ. P. 17(c)(1)(A)).]  However, Plaintiffs must still retain an attorney to represent their minor children, and there is generally no right to appointment of counsel in civil cases.  [*See id*. at 3–4.]  The Court agrees with the Magistrate Judge that Plaintiffs have not articulated any exceptional circumstances warranting appointment of counsel [*see id*. at 4] and accordingly overrules Plaintiffs' objections.

## CONCLUSION

Based upon the foregoing, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference.  Accordingly, Plaintiffs' motion for leave to proceed IFP and for appointment of counsel [Doc. 51] is DENIED and Plaintiffs have 14 days from the date of this Order to submit the required $405.00 filing fee.  Plaintiffs are further reminded that their failure to obtain counsel will result in the dismissal of all claims brought on behalf of their minor children.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

August 05, 2025
Columbia, South Carolina

## **NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules

3 and 4 of the Federal Rules of Appellate Procedure.