IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Tommy Sevilla and Melodie Sevilla, *individually and as next friends of their minor children, L.S., G.S., and I.B.*, <br><br> Plaintiffs, <br><br> v. <br><br> Dr. Akil Ross, Sr.; Kaaren Hampton; Mansa Joseph; Amanda Neal; Teon Petree, Sr.; Aaron Brand; Paul Calvert; Jeanna Locklair; Jinni Friend; Tamara Turner; Reggie Wicker; Steven Puckett; Jordan Ingram; Gary Stephens; Brooks Railey; Deputy Christian Forero; Ross Wise; Neshuanda Walters; Amanda Taylor; Susan Noller; John Doe, *Law Enforcement Officer (Gilbert High)*; Kevin Scully; Matt Satterfield; Kimberly Snipes; David Herring; Jonathan Colon; Michael Harris; Lexington School District One; Coach Mitch Hudson; Unnamed Athletic Director; Jerome Singleton; Michael Montgomery; Michelle Swindler; Deputy Anthony; Mrs. Blackburn; SafeSport; NFHS; SCHSL, <br><br> Defendants. | Case No. 3:25-cv-03528-JDA-SVH <br><br> **<u>OPINION AND ORDER</u>** |

This matter is before the Court upon receipt of the mandate from the United States Court of Appeals for the Fourth Circuit. [Doc. 162.] Consistent with the rulings of the appellate court, and this Court's Orders denying Plaintiffs' motion for leave to proceed in forma pauperis ("IFP") and directing Plaintiffs to pay the filing fee [Docs. 96; 103; 118;

142], Plaintiffs are directed to pay the filing fee by January 9, 2026.[1] **Failure to pay the filing fee will result in the dismissal of this matter**.

This Order is to provide rules for pretrial proceedings in this case, and the Court expects strict compliance. Failure of Plaintiffs to comply with this Order may result in sanctions, including but not limited to dismissal for failure to comply with Court orders.

**Amended Complaint and Pending Motions**

Plaintiffs are permitted to file a Third Amended Complaint ("TAC") upon payment of the filing fee. The TAC should be filed within ten (10) days of the payment of the filing fee.

---

[1] Tommy Sevilla has expressed a desire to proceed as the only plaintiff moving forward. Melodie Sevilla may be dismissed by her filing a notice of voluntary dismissal. Regardless of whether Melodie Savilla proceeds in this matter, Tommy Sevilla is still required to pay the filing fee, as a spouse's financial status is an appropriate consideration in determining IFP status. *Johnson v. James*, No. 3:18-3508-CMC-TER, 2019 WL 343723, at *2 (D.S.C. Jan. 8, 2019), *Report and Recommendation adopted by* 2019 WL 342067 (D.S.C. Jan. 28, 2019) (citing *Assaad-Faltas v. Univ. of S.C.*, 971 F. Supp. 985, 990 (D.S.C. 1997)), *aff'd sub nom.*, 165 F.3d 910 (4th Cir. 1998); *Turner v. Colvin*, No. 3:16-CV-17, 2016 WL 9223918, at *1 (N.D.W. Va. Feb. 16, 2016), *Report and Recommendation adopted by* 2016 WL 9138064 (N.D.W. Va. Mar. 23, 2016) (denying IFP status); *Lee v. Wal-Mart Stores, Inc.*, No. 3:92-cv-465AS, 1993 WL 316756, at *3 (N.D. Ind. Aug. 18, 1993) (noting that "the income and assets of close family members are relevant to a determination of indigency"); *Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) (noting that courts consider "the resources that the applicant has or 'can get' from those who ordinarily provide the applicant with the 'necessities of life,' such as 'from a spouse, parent, adult sibling or other next friend'" (quoting *Williams v. Spencer*, 455 F. Supp. 205, 208-09 (D. Md. 1978))); *Greathouse v. Colvin*, No. 2:16-CV-62, 2016 WL 10516723, at *1 (N.D.W. Va. July 28, 2016), *Report and Recommendation adopted by* 2016 WL 10516254 (N.D. W. Va. Oct. 4, 2016) (denying IFP status); *Wolff v. Bee Healthy Med. Weight Loss Clinic*, No. 3:17-3339-CMC-SVH, 2018 WL 1801597, at *2 (D.S.C. Jan. 16, 2018), *Report and Recommendation adopted as modified by* 2018 WL 718963 (D.S.C. Feb. 5, 2018)).

As previously ruled by the Court, unless represented by counsel, no minors should be listed as Plaintiffs in the TAC.  The TAC should contain only claims for which the listed Plaintiffs have standing to bring against the defendants named therein.[2]  **The inclusion of claims on behalf of minors in the TAC may result in the dismissal of this matter for failure to comply with an Order of this Court.**  The Court will review Plaintiffs' TAC for standing for every cause of action, as standing goes to a federal court's power to hear a case under Article III and may be considered sua sponte.  *See e.g., Buscemi v. Bell,* 964 F.3d 252, 258 (4th Cir. 2020).

Because Plaintiffs' filings and motions up to this point are based on the Second Amended Complaint and contemplate a lawsuit on behalf of minors, they are no longer proper for the Court's consideration.  Therefore, all of Plaintiff's pending motions are denied without prejudice as moot.

Plaintiffs have previously been advised of the requirements of a complaint, but the rules bear repeating.  Plaintiffs' TAC must comply with Rule 8(a) of the Federal Rules of Civil Procedure, which requires:

(1)   a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
(2)   a short and plain statement of the claim showing that the pleader is entitled to relief; and
(3)   a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

---

[2] When determining the defendants to sue, Plaintiffs are reminded that they will be responsible for service of process against each defendant and service must be effected pursuant to Rule 4 of the Federal Rules of Civil Procedure.

Plaintiffs' prior complaints can each be categorized as a "shotgun pleading."  A shotgun pleading is a complaint that fails to comply with Fed. R. Civ. P. 8(a)(2).  *Bartol v. Barrowclough*, 251 F. Supp. 3d 855, 859 (E.D. Pa. 2017).  There are four categories of shotgun pleadings: "(1) a complaint containing multiple counts where each count adopts the allegations of all preceding counts; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a complaint that does not separat[e] into a different count each cause of action or claim for relief; and (4) a complaint that assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."  *Id.* (alterations in original) (internal quotation marks omitted).  "The 'unifying characteristic' of these four types of shotgun pleadings 'is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.'"  *Id.* (quoting *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015)).

Plaintiffs are to ensure their TAC avoids the pitfalls of a shotgun pleading.  The TAC must be clear as to the factual allegations underlying each cause of action and to which defendants each cause of action applies.  The factual allegations should be sufficiently specific for the Court to evaluate whether Plaintiffs have set forth a viable claim and the Court need not accept legal conclusions.

**Future Motions**

Plaintiffs are instructed not to submit hundreds of pages of documents with their motions.  **Failure to comply with this instruction may result in the dismissal of this**

4

**matter for failure to comply with an Order of this Court.** Until the Court considers dispositive motions, the Court rarely considers substantial evidentiary material, as Plaintiffs are not required to prove their case at this stage.

Further, unless Plaintiffs specifically cite to a particular page of material attached to a motion, the Court is not charged with reviewing it. *See B.D. ex rel. Dragomir v. Griggs*, No. 1:09-CV-439, 2010 WL 2775841, at *7 (W.D.N.C. July 13, 2010) (noting that a court "is not obligated, even for a *pro se* litigant, to comb through volumes of documents searching for claims"), *aff'd*, 419 F. App'x 406 (4th Cir. 2011); *see also Teague v. Bakker*, 35 F.3d 978, 985 n.5 (4th Cir. 1994) (noting that "[j]udges are not like pigs, hunting for truffles buried in briefs" (alteration in original) (internal quotation marks omitted)). Therefore, Plaintiffs are directed to attach only documents specifically cited in briefs and only when necessary for the Court's consideration. Additionally, Plaintiffs are to file the attachments deemed necessary at the time of filing and not supplement their motions with "additional attachments" later.

Further, the Court rarely makes evidentiary decisions prior to dispositive motions, and the Court never takes "judicial notice" of a legal conclusion. For instance, although a court can take judicial notice of filings in state court criminal cases, courts cannot judicially notice "any specific factual finding, legal reasoning, or legal conclusion" contained in those filings. *Kokinda v. Foster*, No. 3:21-cv-00154, 2024 WL 715962, at *2 (N.D.W. Va. Feb. 21, 2024). Requests for the Court to take "judicial notice" of letters Plaintiff wrote to or received from various entities is generally inappropriate and will be denied. Finally, frequent filing of frivolous motions may result in sanctions.

As to motions to compel, the Court has not yet authorized discovery. The Court must authorize a summons be issued for each defendant with the complaint, and thereafter, Defendants must be served with the summonses and complaint and thereafter file a responsive pleading. Ordinarily, an answer must be filed before the Court issues a scheduling order that authorizes discovery. Therefore, any motion to compel is premature before the issuance of a scheduling order. Only once discovery is authorized may discovery be served upon counsel (or pro se litigants). Discovery is not filed with the Court. Plaintiffs are referred to the Federal Rules of Civil Procedure and the Court's Pro Se Guide, available at https://www.scd.uscourts.gov/Court/index.asp, for guidance in proceeding pro se.[3]

**Conclusion**

In sum, Plaintiffs shall pay the filing fee by January 9, 2026. Plaintiffs shall also abide by the requirements of this Order. Further, as explained in this Order, all pending motions in this case [Docs. 2; 8; 15; 22; 23; 38; 48: 50: 52; 53; 65; 70; 71; 72; 73; 74; 75; 76; 79; 80; 83; 85; 86; 88; 89; 91; 92; 93; 94; 99; 100; 101; 117; 122; 129; 133; 136; 140; 144; 145; 146; 148; 149; 150; 152; 156; 157; 158; 159; 160; 161] are DENIED without prejudice.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

December 31, 2025
Columbia, South Carolina

---

[3] Plaintiffs' filings have many hallmarks of motions created using artificial intelligence or found on the internet. Plaintiffs are cautioned that they are responsible for the content of their submissions to the Court and potentially subject to sanctions for frivolous or inappropriate filings.